APRIL 10, 1801.

# David Bryan and John C. Owings v. Caleb Wallace.

*Upon an appeal from a decree of the Lexington District Court.*

1. A pre-emption certificate to be valid, should not only show that it had been sustained by the commissioners, but should likewise contain such a description of the situation of the land that subsequent locators, on reasonable inquiry, might find it.

2. Where D. B. claimed a pre-emption of 1,000 acres of land " by marking

and improving the same," and the marking and improving consisted in his cutting the initials of his name on an elm tree—*Held:* That this marking was of no reasonable degree of notoriety, and that the location was insufficient and void.

This cause was first decided by the court of appeals, when it had original jurisdiction, and the decree then pronounced was not subject to a revision, further than it has been opened for a rehearing on the supposed errors which were certified conformable to a then existing rule of that court. Therefore, when, by a subsequent law, a rehearing was had in the district court, on the decree from which this appeal was taken, that court did not, or ought not, to have gone into a discussion of the cause further than it was authorized by the errors thus assigned; and, for the same reason, the court of appeals, in now deciding on this appeal, is bound strictly to confine itself to those errors.

To do which, it is necessary to premise, that the claim of the complainants in the original suit, now the appellants, is founded on the following certificate from the commissioners and entry with the surveyor:

*Bryan's Station, January* 12, 1780.

David Bryan, by James Bryan, this day claimed a pre-emption of one thousand acres of land, at the state price, in the State of Kentucky, lying on the branches of Elkhorn creek, about four and a half miles south-west of this place, by marking and improving the same in the year 1776. Satisfactory proof being made to the court, we are of opinion that the said David Bryan has a right to a pre-emption of one thousand acres of land, to include the above location, and that a certificate issue accordingly.

*Fayette County, Surveyor's Office, May* 30, 1783.

David Bryan and John C. Owings enter one thousand acres of land on a pre-emption warrant, No. 830, on a branch of Elkhorn, and about four and a half miles south-westwardly of Bryan's Station.

From the reasons assigned for opening the decree under consideration, the court is not able to determine whether three distinct errors were intended to be assigned, or only two. But, as it can injure neither of the parties, they may be taken as three.

The first error is: " Because the commissioners have granted the complainant a certificate for an improvement, and the facts

ascertain what the improvement was, how granted, and at what place." This, if strictly taken, is certainly immaterial, it being nothing more than a simple proposition, without an inference. But, if the court were to supply the inference, which it is presumed was intended—that therefore the claim of the complainants ought to have been sustained—it can not be justified by the land law. It is true that the facts found by the jury do ascertain the place where the letters D B were cut on an elm tree, which was intended for an improvement for the appellant David, and for which the certificate for this pre-emption was obtained from the commissioners; but the land law requiring, what is not done in the present case, that, in the certificate, the particular location of the land should be described as near as may be, we think the requisition so important that it can not be dispensed with. The surveyor's report ascertains that the only particular calls in the location (about four and a half miles a south-west course from Bryan's Station) do not lead to this improvement, but to a place at the distance of more than two miles from it; and, as to the improvement, admitting it to be called for in the location, the facts found by the jury ascertain that the marking, intended for an improvement for the appellant David, was only the letters D B cut on an elm tree.

The facts found by the jury in this cause inform us, that, until long after the appellee's entry was made and surveyed (the legality of neither of which is denied in the errors assigned) only three persons had ever seen this improvement, and that a few others, in May, 1780, were informed of its situation, who all removed from the now State of Kentucky about the month of August, 1780, and that none of them returned to it before 1784. That, during this long space of time, the appellants' agent found no person who could show the improvement. That David Bryan was sent for to the State of North Carolina to show the marked tree. That before the year 1784 the letters D B were cut out of the elm tree, and some other marks substituted in their place; and that when this pre-emption right was ascertained by the commissioners there were several other places on the waters of Elkhorn, in the neighborhood of this elm tree, where letters were marked on trees, or where trees were girdled, or the beginnings of cabins made some years before that time. These matters of fact clearly evince that the location, with the commissioners, was so far from a compliance with the requisitions of the land law that, on the contrary, the

calls therein for course and distance were calculated to deceive every subsequent locator; and that the improvement, admitting it to be also called for, had no reasonable degree of notoriety, nor even any mark of distinction, by which it could have been known to be claimed by the appellant, David Bryan, if it had been accidentally discovered. But, to accord with a leading principle of the land law, the certificate ought not only to have shown that the claim had been sustained by the commissioners, but should likewise have contained such description of its situation that subsequent locators, on reasonable inquiry, might have found it.

The second error assigned can not justly be imputed to the former decree of this court. It is as follows: " Because, confining the complainant to his course and distance, when he calls to include his *location*, is an indirect mode of opening the decisions of the court of commissioners, as they have *considered* and *adjudged* the improvement to be sufficient to entitle the complainant to his claim."

This court only adjudged that the location contained in the certificate granted by the commissioners was essentially defective, which, it was then, and is now conceived, must have been devised by the claimant or his agent, and which the commissioners had neither skill to direct nor power to control.

Its validity, therefore, depends on the clause of the land law before alluded to, and not on the decision of the commissioners, which, this court has formerly adjudged, it had no power to annul in favor of claims which originated subsequent to those decisions, and has never since entertained any design of contravening that adjudication. But surely the construing a location properly or improperly is very different from opening the decisions of the commissioners.

The third error assigned is: " Because the entry with the surveyor and with the commissioners, according to a former decree of the court and to law, ought to be taken together." This is certainly founded on a mistake both of fact and of law. The late supreme court, in the suit *Consola* against *Briscoe*, adjudged, that because a settlement right could not be removed from its original location, and the certificate for which being recorded in the surveyor's office, where the entry thereon was made, they ought to be taken together, or be allowed to explain each other; and another reason with great propriety might have been added, that the land law did not point out in what manner such an entry

Bryan and Owings *v.* Wallace.

should be made. And the court of appeals in the last decree, in the suit *Kenton* against *McConnell, etc.* (a similar case), has recognized that adjudication. But, in the case of a pre-emption right granted for an improvement, it is believed that no such opinion has ever been given; and if there had, it could not be supported by law or equity, the case being widely different from that of settlement rights. The certificates for pre-emptions founded on improvements were not required to be recorded with the surveyors; but entries on pre-emption warrants, as well as other kinds of land warrants, were required to be directed so specially and precisely, that others might be enabled with certainty to locate other warrants on the adjacent residuum, which must imply that pre-emptioners would be bound by their entries; and the entry under consideration, being made subsequently to the passage of the act in 1782, permitting pre-emption warrants to be located on any vacant lands, it would be highly absurd that the location with the commissioners and the entry with the surveyor should be taken together, when the claimant himself might have made and intended a discordance between them. Therefore, in all such cases, it can only be proper to recur to the location with the commissioners, and compare it with the entry with the surveyor, for the purpose of discovering the dignity of the claim. In every other point of view, the entry must depend on its own specialty and precision.

On a review of this case, so far as the errors which have been assigned extend, it is evident that if the expression in the appellants' location with the commissioners, "to include the above location," is synonymous with the expression, *to include the improvement*, then the entry with the surveyor is materially variant from the location with the commissioners, and the entry with the surveyor being the last act of the appellants, of which they might have taken the advantage, reason, as well as law, pronounces that they ought to be bound by it; and being bound, had they made their survey conformable thereto, it would not have interfered with the claim of the appellee or any part thereof.

Wherefore, it is decreed and ordered, that the former decree of this court, and of the said district court, dismissing the appellants' bill, be affirmed, and that they pay unto the appellee his costs about this appeal expended, which is ordered to be certified to the district court.